## DUVALL v GOLDIN

Docket No. 74082. Submitted June 18, 1984, at Detroit.—Decided
December 3, 1984. Leave to appeal applied for.

Plaintiffs, Alice and William Duvall, brought an action in the
Macomb Circuit Court seeking damages for injuries received by
the plaintiffs when their automobile was struck by a vehicle
driven by Michael J. Hubbard. The action was originally
brought against Hubbard alone, however, the complaint was
thereafter amended to include as a defendant Morris Goldin,
M.D. The amended complaint alleged that defendant Goldin
knew or should have known that his patient, Hubbard, had had
previous epileptic seizures and that Goldin had a duty to
persons operating motor vehicles on the public highway, and in
particular the plaintiffs, to properly care for and treat Hub-
bard. The complaint alleged that Goldin had breached that
duty by failing to prescribe or continue Hubbard on anti-epilep-
tic medication and in failing to instruct him not to operate a
motor vehicle after removing him from the anti-epileptic medi-
cation. Hubbard was thereafter dismissed from the action by
stipulation of the parties. Goldin then brought a motion for
summary judgment alleging failure to state a claim upon which
relief could be granted. The trial court, James C. Daner, J.,
determined as a matter of law that Goldin owed no duty to the
plaintiffs and granted the summary judgment. Plaintiffs appeal.
*Held:*

1. The Court of Appeals, as well as the trial court, deter-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 9] 61A Am Jur 2d, Pleading § 230 *et seq.*

[3, 4] 57 Am Jur 2d, Negligence § 34.

[4-6] 57 Am Jur 2d, Negligence § 36.

[6, 7] 57 Am Jur 2d, Negligence §§ 37, 63.5.

Liability of one treating mentally afflicted patient for failure to
warn or protect third persons threatened by patient. 83 ALR3d
1201.

[7] 57 Am Jur 2d, Negligence § 149.

61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 248.

Malpractice in connection with diagnosis and treatment of epilepsy.
30 ALR3d 988.

[8] 57 Am Jur 2d, Negligence § 136.

[9] 61A Am Jur 2d, Pleading §§ 99, 100.

mined that plaintiffs' action is not founded upon medical malpractice. Plaintiffs and Dr. Goldin do not stand in a physician-patient relationship, however, Dr. Goldin and Hubbard do have such a relationship.

2. The Court of Appeals found, contrary to the trial court, that Dr. Goldin did in fact have a special relationship with his patient, Hubbard, the so-called "dangerous person", which is sufficient to place this case within the exception to the common-law rule that no one has a duty to protect an individual who is endangered by the conduct of another. Where the actor stands in a special relationship with either the third-party victim or the person causing the injury, a duty of reasonable care may arise.

3. Given the nature of the condition involved in this case, epileptic seizures, and assuming the truth of plaintiffs' allegations, it is foreseeable that a doctor's failure to diagnose or properly treat an epileptic condition may create a risk of harm to a third person. The likelihood of injury to a third party due to an automobile accident arising from the doctor's failure to inform his patient not to operate a motor vehicle is not so rare or unusual an occurrence to be considered unforeseeable. Accordingly, the trial court erred in granting the summary judgment. Whether the proximate cause of the accident was Dr. Goldin's negligence is a question of fact for the jury. Also for the jury is the question of whether Hubbard may have been negligent in resuming driving without the express consent of his physician, or in otherwise failing to recognize the danger of driving without medication.

4. The Court of Appeals decision in regard to Dr. Goldin's duty is limited to the narrow facts set forth in this case.

Reversed.

M. WARSHAWSKY, J., dissented and noted his belief that it is unwise to extend the law of this state to impose a duty on a physician in favor of unidentified third persons who might foreseeably be injured by a patient's conduct allegedly resulting from the physician's diagnosis or treatment. He would affirm the grant of the summary judgment for the reason that, as a matter of law, Dr. Goldin's diagnosis and treatment of Mr. Hubbard did not create a foreseeable risk of harm to plaintiffs, and Dr. Goldin, therefore, owed no duty to plaintiffs. He would affirm.

OPINION OF THE COURT

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment based upon an alleged failure to state a claim upon which relief can be granted tests the legal sufficiency of the claim and is to be evaluated by reference to the pleadings alone; for purposes of the motion, all well-pled allegations are accepted as true together with any inferences or conclusions which may fairly be drawn from the facts alleged; the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery (GCR 1963, 117.2[1]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment based upon an alleged failure to state a claim upon which relief can be granted tests the legal, and not the factual, adequacy of the claim and, therefore, a trial court determining such a motion must not resolve factual disputes or consider the ability of the parties to prove their claims (GCR 1963, 117.2[1]).

3. NEGLIGENCE — DUTY.

The threshold question of duty in a negligence action is an issue of law for the court's resolution; resolution of the duty issue determines the existence and not the nature or extent of the actor's obligation.

4. NEGLIGENCE — DUTY.

A duty arises for purposes of a negligence action from the relationship of the parties and involves a determination of whether the defendant has any obligation to avoid negligent conduct for the benefit of the plaintiff; without a legal duty there is no actionable negligence; without a duty, an individual will not be held liable for his negligent conduct.

5. NEGLIGENCE — DUTY.

Duty is a flexible and changing concept, one which is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that a particular plaintiff is entitled to protection.

6. NEGLIGENCE — DUTY — SPECIAL RELATIONSHIP — THIRD PARTIES — COMMON LAW.

A duty of reasonable care may arise where an actor stands in a special relationship with either a third-party victim or the person causing the injury; the existence of such a special relationship may place a case within the exception to the

common-law rule that no one has a duty to protect an individual who is endangered by the conduct of another.

7. NEGLIGENCE — PHYSICIANS — PATIENT — RISK OF HARM.
     It may be determined to be foreseeable that a doctor's failure to diagnose or properly treat a patient's epileptic condition may create a risk of harm to a third party where the third party seeks damages resulting from an automobile accident arising from the doctor's breach of duty to properly diagnose or treat his patient.

8. NEGLIGENCE — PROXIMATE CAUSE — QUESTIONS OF FACT.
     The question of whether the proximate cause of an accident was the defendant's negligence is a question of fact for the jury.

                    DISSENT BY M. WARSHAWSKY, J.

9. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE
     A CLAIM — COURT RULES.
     *A summary judgment based upon a failure to state a claim upon which relief can be granted is properly granted in a negligence action where the defendant, as a matter of law, owed no duty to the plaintiff (GCR 1963, 117.2[1]).*

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Norman D. Tucker),* for plaintiffs.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *Jack E. Vander Male* and *Dennis J. Mendis),* for defendants on appeal.

Before: ALLEN, P.J., WAHLS and M. WARSHAWSKY,* JJ.

ALLEN, P.J. Is a physician liable to third persons injured as a result of the physician's negligence in treating a patient who, as a result of his medical condition, causes an automobile accident involving the third persons? The question raised is one of first impression and comes to us on the following facts.

On March 6, 1977, plaintiffs were involved in an accident which occurred when their vehicle was

* Circuit judge, sitting on the Court of Appeals by assignment.

struck by a vehicle driven by Michael Hubbard. Initially, suit was brought against Hubbard alone.[1] After discovering that Hubbard had been a patient of Dr. Goldin at the time of the collision, plaintiffs filed an amended complaint alleging that defendant Goldin knew or should have known that his patient Hubbard had had previous epileptic seizures and that Goldin had "a duty to persons operating motor vehicles on the public highway and in particular, the plaintiffs, to properly care for and treat" defendant Hubbard. The complaint alleged, *inter alia,* that Goldin had breached that duty by failing to prescribe or continue Hubbard on anti-epileptic medication and in failing to instruct him not to operate a motor vehicle after removing him from the anti-epileptic medication. Defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1) was denied initially, but upon rehearing was granted. The trial court determined as a matter of law that defendant owed no duty to the plaintiffs.

It is well settled that a motion based on subsection (1) tests the legal sufficiency of the claim and is to be evaluated by reference to the pleadings alone. *Romeo v Van Otterloo,* 117 Mich App 333; 323 NW2d 693 (1982); 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1984 Supp, p 149. For purposes of the motion, all well-pled allegations are accepted as true together with any inferences or conclusions which may fairly be drawn from the facts alleged. *Fidelity & Deposit Co of Maryland v Newman,* 109 Mich 620; 311 NW2d 821 (1981); *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978). Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of

---

[1] Michael Hubbard is not party to this appeal, and all references to defendant relate to Morris Goldin, M.D.

recovery, the motion should be denied. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). It must be remembered that this motion tests the legal, and not the factual, adequacy of the claim and, therefore, the court must not resolve factual disputes or consider the ability of the parties to prove their claims. *Abel v Eli Lilly & Co,* 418 Mich 311; 343 NW2d 164 (1984).

It is equally well settled that in a negligence action the threshold question of duty is an issue of law for the court's resolution. Prosser, Torts (4th ed), § 53, p 324; *Elbert v Saginaw,* 363 Mich 463; 109 NW2d 879 (1961). A duty arises from the relationship of the parties and involves a determination of whether the defendant has any obligation to avoid negligent conduct for the benefit of the plaintiff. *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977).

In Prosser's terms, the question is "whether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other". Prosser, *supra,* § 37, p 206. It is apparent that resolution of the "duty" issue determines the existence and not the nature or extent of the actor's obligation. Although somewhat interrelated, those latter concepts are more properly considered in the evaluation of the actor's conduct in relation to the general and specific standards of care. See, *Moning, supra.* Here, we must focus on the issue of duty, for without a legal duty there is no actionable negligence. Or, stated another way, without duty, an individual will not be held liable for his negligent conduct.

Defendant claims that, regardless of how it is labeled, plaintiffs' claim clearly is based upon an allegation of medical malpractice. Relying on *Rogers v Horvath,* 65 Mich App 644; 237 NW2d 595

(1975), defendant argues that in the absence of a
doctor-patient relationship there is no duty and
such an action will not lie. We find, as did the trial
judge, that plaintiffs' action is not founded upon
medical malpractice. Moreover, we note that al-
though it is undisputed that plaintiffs and defen-
dant do not stand in a physician-patient relation-
ship, neither is it disputed that defendant and
Hubbard do have such a relationship. Defendant's
argument fails to address the question of whether
a duty, or obligation to act with due care, may
arise out of the alternative, yet equally viable,
relationship between defendant and Hubbard.

In our effort to resolve the question of whether
the defendant doctor owed a duty of care to these
third-party plaintiffs, we are guided by decisions of
the courts of this state and decisions from other
jurisdictions which have considered the issue of
liability to a third party. Courts in Michigan have
recognized under a variety of factual circum-
stances that a third party may have a claim
grounded in negligence against a defendant based
upon the defendant's relationship with another
party. See, *e.g., Moning, supra,* (manufacturer,
wholesaler and retailer of manufactured product
owe a legal obligation of due care to a bystander
affected by the use of the product); *Clark v Dal-
man,* 379 Mich 251; 150 NW2d 755 (1967) (general
contractor owed a duty in general not to endanger
employees of the sub-contractor or inspectors or
anyone else lawfully on the project site); *Davis v
Lhim,* 124 Mich App 291; 335 NW2d 481 (1983)
(psychiatrist owes a duty of reasonable care to
persons who are readily identifiable as foreseeably
endangered by his patient); *Romeo, supra,* (em-
ployer may owe duty to third party to supervise
the activity of his employee). *Contra,* see, *Fried-
man v Dozorc,* 412 Mich 1; 312 NW2d 585 (1981)

(attorney owes no duty of care to an adverse party in litigation).

In arriving at a determination that the particular defendant either did or did not have a duty to conduct himself in such a manner as to avoid negligent conduct toward the third-party plaintiffs, the Courts in the above-cited cases weighed the policy considerations for and against the recognition of the asserted duty. An additional factor considered in the assessment was the foreseeability that the actor's conduct would create a risk of harm to the victim. It is apparent that duty is a flexible and changing concept, one which is not "sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection". Prosser, *supra,* § 53, pp 325-326.

At the outset, we point out that although defendant Goldin is a psychiatrist, this case is not factually identical to the situations presented in *Davis, supra,* or *Tarasoff v Regents of University of California,* 17 Cal 3d 425; 131 Cal Rptr 14; 551 P2d 334 (1976). Those cases may be distinguished from the present case by noting that in those cases the danger to the third party arose out of the violent or assaultive conduct of the patient and stemmed from the patient's underlying psychiatric problem. Each case involved a confidential doctor-patient communication and involved a threat of violence to a foreseeable and identifiable third party. Plaintiffs in both cases argued that the defendant doctors owed them a duty of due care which had been breached by the defendants' failure to warn or protect the third party from the danger posed by the patient.

The Courts in *Davis* and *Tarasoff* found that each defendant (psychiatrist/therapist) had a le-

gally cognizable duty to the third parties, based on their relationships with their patients, to warn the third parties that the patient posed a threat of violence to the third parties. Although *Tarasoff* itself did not emphasize or expressly limit the scope of duty to only those identifiable victims, *Davis* clearly limited the class of persons to whom the psychiatrist owed a duty of due care. Not all those individuals who might foreseeably be injured were encompassed within the range of the duty, instead it was limited to "those persons readily identifiable as foreseeably endangered". *Davis, supra,* p 303.

In his opinion in this case, Circuit Judge Daner interpreted *Davis* as being limited to psychiatric cases in which the psychiatrist had a "special relationship" to his patient and concluded that the present case was not one in which the defendant doctor had taken charge of another who had known propensities for danger. To the extent that the trial court placed a narrow and restrictive interpretation on "special relationship" (*i.e.,* requiring that the physician take charge of a patient with known propensities for danger), we find error. While *Davis* was factually limited to such a situation, we do not read that case as precluding the recognition of a special relationship and, therefore, the imposition of a duty in a somewhat broader context. It is not disputed that defendant and Hubbard had a doctor-patient/psychiatrist-patient relationship or that defendant was engaged in the treatment of Hubbard at the time of this accident. Thus, contrary to the trial court, we find that defendant did in fact have a special relationship with his patient, the so-called "dangerous person", which we believe is sufficient to place this case within the exception to the common-law rule that no one has a duty to protect an individual who is

endangered by the conduct of another. Where the actor stands in a special relationship with *either* the third-party victim or the person causing the injury, a duty of reasonable care may arise. See, 2 Restatement Torts, 2d, § 315, p 122; *Davis, supra,* p 299; *Tarasoff, supra.*

Once the existence of a relationship has been established, we then turn to the question of whether if was foreseeable that the actor's conduct might create a risk of harm to the victim. *Moning, supra.* In recognition of the fact that this case is distinguishable from cases involving a psychiatrist's duty to warn a third party of the dangerous propensities of his patient, plaintiff has cited cases involving the physician's duty of care to third parties arising out of the diagnosis of disease or the prescription of medication which may impact or alter the patient's behavior and in turn endanger third parties. *Gooden v Tips,* 651 SW2d 364 (Tex App, 1983); *Kaiser v Suburban Transportion System,* 65 Wash 2d 461; 398 P2d 14; 401 P2d 350 (1965). Without elaboration of the facts of each case, we point out that in both *Gooden* and *Kaiser* the doctor prescribed a medication to his patient without informing the patient of the side effects of the drug or warning him not to drive. The patients thereafter were involved in automobile accidents with third parties. In both cases, the courts found that the third parties had a cause of action against the physician for negligence and found that the harm, injury to third parties as a result of the patient's impaired driving ability, was reasonably foreseeable to the doctor at the time he prescribed the drug. The *Gooden* court stated that "under proper facts, a physician can owe a duty to use reasonable care to protect the driving public where the physician's negligence in diagnosis or treat-

ment of his patient contributes to plaintiff's injuries". *Id.*, p 369.

Given the nature of the condition involved in the present case, epileptic seizures, and assuming as we must the truth of plaintiffs' allegations, we are of the opinion that it is foreseeable that a doctor's failure to diagnose or properly treat an epileptic condition may create a risk of harm to a third party. By statute, restrictions and limitations may be placed upon individuals seeking drivers' licenses because of a physical disability or disease which prevents that person from exercising reasonable control over his vehicle. MCL 257.303; MSA 9.2003. Here, one of the alleged breaches of duty involves the defendant's failure to inform his patient not to operate a motor vehicle. The likelihood of injury to a third party due to an automobile accident arising from that breach is not so rare or unusual an occurrence as to be considered unforeseeable. Accordingly, we find that the trial court erred in granting summary judgment. Whether the proximate cause of the accident was defendant's negligence is a question of fact for the jury.

However, our decision in this regard is limited to the narrow facts set forth in this case. We decline to find a duty in every instance involving a physician, his patient and an unidentifiable third party. We do not intend to make physicians highway accident insurers. Further, even though defendant *may* have failed to instruct Hubbard not to drive, Hubbard, too, *may* have been negligent in resuming driving without the express consent of his physician, or in otherwise failing to recognize the danger of driving without medication. This too is a question for the jury.

Reversed. Costs to appellants.

WAHLS, J., concurred.

M. WARSHAWSKY, J. *(dissenting)*. I respectfully dissent. In my opinion it is unwise to extend the law of this state to impose a duty on a physician in favor of unidentified third persons who might foreseeably be injured by a patient's conduct allegedly resulting from the physician's diagnosis or treatment. I would affirm the grant of summary judgment for the reason that, as a matter of law, defendant's diagnosis and treatment of Mr. Hubbard did not create a foreseeable risk of harm to plaintiffs, and defendant, therefore, owed no duty to plaintiffs.

The courts must refrain from further imposing upon the medical profession duties and obligations that interfere with the reasonable practice of medicine.