Pat WILSON, Individually, and as Attorney-in-Fact for Gary R. Wilson, Appellant (Added Defendant Below),

v.

John HAIMBAUGH, Appellee (Defendant Below),

Dugan Realty, Inc.; Mark Wilson Realty; Mark Wilson, Individually; Gary R. Wilson; Sandra K. Wilson, (Defendants Below),

and

Wainright Bank & Trust Company, (Plaintiff Below).

No. 2–185A19.

Court of Appeals of Indiana, Third District.

Sept. 5, 1985.

Frederick F. Frosch, Mark S. Gray, Frosch & Frosch, Indianapolis, for appellant.

Jack G. Hittle, Church, Roberts & Beerbower, Noblesville, for appellee.

HOFFMAN, Judge.

Appellee John Haimbaugh was awarded a judgment against appellant Pat Wilson on the cross-claims he filed in Wainwright Bank & Trust Company's foreclosure action. Pat appeals that judgment. The facts relevant to this appeal are as follows.

Gary Wilson owned certain real property in Indianapolis. When Gary left Indiana to relocate in Florida, he asked Pat to contact

Haimbaugh and to act in Gary's behalf to sell the property. Both Pat and Haimbaugh were aware of two mortgages which Wainwright held against the property, but neither was aware of a lien held by Gary's ex-wife, Sandra, pursuant to her divorce decree from Gary. Haimbaugh eventually purchased the property.

Prior to the closing, Pat presented Haimbaugh with a title commitment which had been prepared for a previous prospective purchaser. That title commitment did not reflect Sandra's lien, and Pat, unaware of that lien, stated that since the commitment had been prepared, no other transactions had occurred. Haimbaugh purchased the real estate prior to procuring title insurance. He subsequently found that the Wainwright Bank & Trust mortgages were in default, so he paid them off. Haimbaugh also first learned of Sandra's lien after the purchase and was required to spend sums of money to defend the action brought by both Sandra and Wainwright Bank & Trust.

Wainwright Bank & Trust initiated this action by filing its foreclosure action. Haimbaugh ultimately filed the subject cross-claim against Pat alleging negligence and fraudulent misrepresentation. At trial, Haimbaugh abandoned his claim of fraudulent misrepresentation, leaving only the claim of Pat's negligence at issue. The trial court found in favor of Haimbaugh on that claim and Pat appeals.

This case presents one issue for review: whether the trial court erred in awarding a judgment in favor of Haimbaugh on his negligence claim against Pat Wilson.

Before a defendant can be held liable for negligence, it first must be shown that the defendant owes a duty to the plaintiff. In the absence of a duty, there can be no breach of a duty and no negligence or liability based upon the breach of duty. *Bd. of Com'rs of Monroe Cty. v. Hatton* (1981), Ind.App., 427 N.E.2d 696. The existence of such a duty is a question of law. *Lambert v. Parrish* (1984), Ind. App., 467 N.E.2d 791. Pat contends that a vendor's agent has no duty to procure or furnish title insurance or a certified continuation of abstract to the purchaser in a land sale transaction. Haimbaugh contends that the agent has a duty to procure such for the *seller* under her agreement with the seller, and that by the agent's failure to perform that obligation to the seller, the agent is negligent, and that negligence caused his damages.

Haimbaugh has not shown, nor has this Court been able to find, any authority for the proposition that a vendor's agent owes a duty to procure or furnish title insurance or a certified continuation of abstract to the purchaser. Rather, Haimbaugh maintains that he should recover because of the agent's negligence in performing the duty she owes to her principal. However, an agent who negligently fails to perform duties owed to her principal is not thereby liable to a person whose economic interests are thereby harmed. Restatement (Second) of Agency § 357 (1958).

Therefore, as Pat did not breach any duty which she owed to Haimbaugh, the trial court erred in awarding a judgment in favor of Haimbaugh on his claim against Pat.

Reversed.

STATON, P.J., and GARRARD, J., concur.