ANDRIE v CHRYSTAL-ANDERSON & ASSOCIATES REALTORS,
INC

Docket No. 115968. Submitted April 10, 1990, at Grand Rapids.
Decided February 4, 1991, at 9:20 A.M. Leave to appeal sought.

Stanley R. Andrie, Jr., and Karen S. Andrie brought an action in
the Muskegon Circuit Court against Chrystal-Anderson & Asso-
ciates Realtors, Inc., and Ted Slater, its real estate salesman,
seeking damages resulting from the court-ordered rescission of
a purchase agreement involving a seller represented by the
defendants. Rescission had been ordered on the ground that
Slater had breached a fiduciary duty to the seller to present
accurately the plaintiffs' offer. The trial court, Michael E.
Kobza, J., entered a judgment of no cause of action, finding
that Slater owed a duty to his principal, the seller, but none to
the plaintiffs as prospective buyers. The plaintiffs appealed.

The Court of Appeals *held:*

A real estate broker or agent owes no duty to a potential
buyer to properly convey a purchase offer to the seller.

Unless a legal duty exists, there can be no actionable negli-
gence. Duty is premised on whether a relationship exists be-
tween the actor and the injured person which gives rise to a
legal obligation on the actor's part for the benefit of the injured
person. In negotiating a real estate sale, any relationship
between the seller's agent and the potential buyer is a commer-
cially antagonistic one, each side working for best advantage
and not for the benefit of the other. In this case, Slater had no
legal duty to the plaintiffs, and the trial court properly entered
judgment for the defendants.

Affirmed.

SULLIVAN, J., dissenting, stated that under the narrow facts
of this case Slater owed a duty to the plaintiffs to avoid
negligent conduct in submitting their offer to the seller and,
thus, it was foreseeable that the plaintiffs could rely on Slater's

REFERENCES

Am Jur 2d, Brokers §§ 66, 90.
Liability of vendor's real-estate broker or agent to purchaser or
prospect for misrepresenting or concealing offer or acceptance. 55
ALR2d 342.

properly submitting the offer and that negligent conduct could cause a risk of harm to the plaintiffs. Imposing on Slater a duty to the plaintiffs under the facts of this case would not pose a conflict with the duty the defendants owed to the seller. The case should be remanded for a finding regarding whether the elements of a negligence claim have been satisfied.

Agency — Real Estate Brokers and Salespersons — Fiduciary Duties.

Real estate brokers and salespersons are the agents of the seller and owe the seller a fiduciary duty to disclose fully and fairly the material terms of any offers to purchase the seller's property but they owe no duty to potential buyers to properly convey a purchase offer to the seller.

*Warner, Norcross & Judd* (by *Paul T. Sorensen* and *Devin S. Schindler*), for the plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Gregory L. McClelland* and *Jeffery V. Stuckey*), and *Vander Ploeg, Ruck, Luyendyk & Wells* (by *William R. Sininger*), for the defendants.

Before: Reilly, P.J., and MacKenzie and Sullivan, JJ.

MacKenzie, J. Plaintiffs appeal as of right from a judgment of no cause of action entered following a bench trial. We affirm.

Plaintiffs are the would-be buyers of a house owned by Emma Wyant. Defendants are the real estate broker with whom Wyant listed the house for sale and one of its sales agents, Ted Slater. After some negotiations, defendant Slater and plaintiff Stan Andrie drafted a purchase offer for Wyant's house, which defendant presented to Wyant. Wyant, who had rejected an earlier offer by plaintiffs, accepted the offer and signed a purchase agreement, uninformed by Slater of a change in terms from plaintiffs' previous offer. Later that day, Wyant attempted to stop the trans-

action. When plaintiffs learned that Wyant wished to void the agreement, plaintiffs contacted their attorney and Slater, both of whom assured plaintiffs that the agreement with Wyant was valid. Plaintiffs then sold their home through defendants. Wyant was ultimately granted rescission of the purchase agreement, in part because of Slater's breach of fiduciary duty in inadequately presenting plaintiffs' offer to her. In this related suit, plaintiffs claimed that defendants were liable to them on several theories, including negligence. Specifically, plaintiffs claimed that Slater breached his duty to plaintiffs to accurately and truthfully present their offer to Wyant.

The trial court found that Slater owed a duty to Wyant, his principal, to accurately present a prospective purchaser's offer, but that he owed no such duty to plaintiffs as prospective buyers. We agree.

Real estate brokers and salesmen are the agents of the seller, their principal. See *McMullen v Joldersma,* 174 Mich App 207, 212; 435 NW2d 428 (1988); *Minchella v Fredericks,* 138 Mich App 462, 467-468; 360 NW2d 896 (1984). Brokers and salespersons therefore owe the seller a fiduciary duty, which presumably includes the duty to disclose fully and fairly the material terms of any offers to purchase the seller's property. See *Horvath v Langel,* 276 Mich 381, 385; 267 NW 865 (1936).

We have found no Michigan cases addressing the issue whether a realtor may also owe a duty to a prospective real estate buyer to properly convey an offer to the seller. An analogous issue was addressed in *Wilson v Haimbaugh,* 482 NE2d 486 (Ind App, 1985), however. In that case, the plaintiff-purchaser sued the seller's agent for failing to procure or furnish title insurance or a certified continuation of abstract for real property

sold to the purchaser. The plaintiff argued that the defendant-agent breached a duty owed to the seller, causing the plaintiff damages. *Id.* at 487. In reversing a lower court decision in favor of the plaintiff-purchaser, the *Wilson* court stated:

> [Plaintiff] has not shown, nor has this Court been able to find, any authority for the proposition that a vendor's agent owes a duty to procure or furnish title insurance or a certified continuation of abstract to the purchaser. Rather, [plaintiff] maintains that he should recover because of the agent's negligence in performing the duty she owes to her principal. However, an agent who negligently fails to perform duties owed to her principal is not thereby liable to a person whose economic interests are thereby harmed. Restatement Agency, 2d, § 357 (1958).
>
> Therefore, as [the agent] did not breach any duty which she owed to [plaintiff], the trial court erred in awarding a judgment in favor of [plaintiff] on his claim against [the agent]. [*Id.*]

A similar result was reached in *Haldiman v Gosnell Development Corp,* 155 Ariz App 585; 748 P2d 1209 (1987). The plaintiff in *Haldiman* entered into a home-purchase agreement prepared by the developer's agent, a licensed real estate salesman. When she was unable to close escrow on the new home within the agreed time, she forfeited her earnest money deposit pursuant to the sales contract. The plaintiff sued the developer, claiming that the sales agent breached a duty to her, as the purchaser, to clearly explain the contract provision allowing such forfeiture in the event of an inability to close escrow on the stated date. *Id.* at 588. In affirming the trial court's grant of summary judgment in favor of the defendant, the *Haldiman* court held that absent a broker-client relationship between the plaintiff-purchaser and

the agent, there was no breach of a duty to uphold professional real estate standards by the agent. *Id.* at 590.

A similar conclusion was reached in *Allen v Lindstrom,* 237 Va 489; 379 SE2d 450 (1989). There, in one of three consolidated cases, the prospective purchasers sued a realtor for failure to transmit their offer to the sellers. The prospective purchasers-plaintiffs argued that such behavior was against the rules and regulations of the Virginia Real Estate Board which require every realtor to promptly submit to the seller every offer received. *Id.* at 498. The *Allen* court concluded that, while the realtor may have owed a duty to the sellers, he did not owe a duty to the prospective purchasers to communicate an offer to the sellers. *Id.*

Unless a legal duty exists, there can be no actionable negligence. *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984). Duty is essentially a question whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977). In negotiating a real estate sale, any relationship between the seller's agent and the potential buyer is a commercially antagonistic one, with each side working for his best advantage and not for the benefit of the other. We therefore conclude that a seller's real estate broker or agent owes no duty to a potential buyer to properly convey a purchase offer to the seller.

Affirmed.

REILLY, P.J., concurred.

SULLIVAN, J. *(dissenting).* I dissent. Under the

narrow facts of this case, I believe that Slater owed a duty to the Andries with respect to submitting their offer to Mrs. Wyant.

Missing from the majority opinion, but crucial, is a description of the events leading up to the signing of the purchase agreement. During the pertinent period of time, Chrystal-Anderson was the listing broker, and Ted Slater was the listing salesperson for Mrs. Wyant's home. The Andries had pursued buying the Wyant home since approximately December 1986. Their first purchase offer expired on April 15, 1987. Their second purchase offer on the house, by its own terms, was to expire on May 4, 1987, at 5:00 P.M. Other pertinent terms of that purchase offer included a $40,000 down payment and a $1,470 monthly payment. Mrs. Wyant, however, did not sign the purchase offer before its expiration. When Mr. Andries found out, he telephoned Mrs. Wyant on the evening of May 4 and they agreed to a new term: a $50,000 down payment. Mrs. Wyant told Ted Slater that there was a change in a term of the Andries' second offer and instructed Slater to telephone Mr. Andrie.

On the morning of May 5, Slater, assisted by Mr. Andrie, drafted a third purchase offer to submit to Mrs. Wyant. Because the parties had agreed to increase the down payment from $40,000 to $50,000, Mr. Andrie and Slater believed that the $10,000 increase in the down payment would decrease the unpaid balance by the same amount. Accordingly, they lowered the monthly payments of $1,470 originally agreed upon to $1,400 on the basis of an amortization of the balance due over a thirty-year period at the same interest rate as previously computed. Slater presented the purchase offer to Mrs. Wyant and she signed it on

May 6. Mrs. Wyant, incidentally, suffers from poor health, including poor eyesight.

In its written opinion, the court specifically found (1) that Mrs. Wyant and Mr. Andrie did not discuss the decrease in the monthly payment term when they spoke on May 4, (2) that Mr. Andrie directed or instructed Slater to insert the decreased monthly payment figure of $1,400 into the purchase offer, and (3) that Slater did not mention or explain the change in the monthly payment term to Mrs. Wyant when he presented the offer to her for her signature on May 6.[1] The court concluded that Slater therefore breached his fiduciary duty owed to Mrs. Wyant—the fiduciary duty an agent owes to a principal—by failing to disclose the changed monthly payment term. On the other hand, the court ruled that no case law exists which "would cause a duty at this juncture to arise between Slater and the [Andries]."

Moreover, although the court ruled that no "double agency" existed in this case, i.e., Slater was not the agent of both the Andries and Mrs. Wyant in this particular transaction, it nevertheless noted that Slater was also trying to sell the Andries' home in a separate transaction. Slater failed to disclose this fact to Mrs. Wyant. Because Slater was trying to sell the Andries' home in a separate transaction, his facilitating the sale of Mrs. Wyant's home to the Andries by drafting the Andries' final offer "did smack of a conflict [of] interest."

I also add that while the Andries pursued their interest in the Wyant home, another couple, the

[1] In rescinding the purchase agreement, the court relied, in part, on the fact that Mrs. Wyant was not aware of the decrease in the monthly payments before she signed the agreement. The court found that Slater should have informed her of the changed term, and that it was improper for Mr. Andrie to instruct Slater to change the monthly payments without first having told Mrs. Wyant of the change.

Kerrs, also expressed interest in the home. In fact, before Mrs. Wyant signed plaintiffs' purchase offer on May 6, Slater was aware that the Kerrs would be making an offer of $250,000 cash, which they did in writing within several hours after Mrs. Wyant signed the Andries' purchase offer. Slater did not convey the Kerrs' interest to Mrs. Wyant before she accepted the Andries' offer.[2]

On appeal, the Andries do not rely on the duty Slater owed to Mrs. Wyant in order to establish defendants' liability. Cf. *Wilson v Haimbaugh,* 482 NE2d 486 (Ind App, 1985), a decision cited in the majority opinion. Nor do they contend that Mrs. Wyant had a "special relationship" with Slater to the extent that Slater had a duty to protect them from Mrs. Wyant's conduct. See, e.g., *Sierocki v Hieber,* 168 Mich App 429; 425 NW2d 477 (1988). Instead, this case concerns whether Slater had a duty to the Andries with respect to communicating their purchase offer to Mrs. Wyant—an issue which, I emphasize, is difficult to resolve.

Unless a legal duty exists, there is no actionable negligence. *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984). Whether a duty exists depends on whether the relationship between the actor and the injured party gives rise to any legal obligation on the actor's part for the benefit of the injured party. *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977). Determining whether a duty exists involves determining only whether the actor is under *any* obligation to the injured party to avoid negligent conduct, and not the nature and extent of the obligation. *Id.,* p 437; *Duvall, supra,* p 347. Factors which have been considered in resolving the duty issue include foreseeability, *Moning, supra,* pp 439-440; *Schuster v Sallay,* 181 Mich

---

[2] The court also relied on Slater's failure to disclose the Kerrs' interest to Mrs. Wyant in rescinding the agreement.

App 558, 563; 450 NW2d 81 (1989), competing policy considerations, *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981), and whether the actor voluntarily assumed the performance of a duty, *Sponkowski v Ingham Co Rd Comm,* 152 Mich App 123, 127; 393 NW2d 579 (1986).

Here, the trial court ruled that although Slater did "facilitate the transaction" between Mrs. Wyant and the Andries, his primary duty was to Mrs. Wyant, as an agent to a principal. Slater's primary legal obligation, the court concluded, was to sell Mrs. Wyant's property. Implicit in the court's reasoning is the belief that because Slater owed a duty to Mrs. Wyant, he could owe no duty to the Andries. Given different facts, I might agree. However, under the narrow facts of this case, I disagree. I believe that the relationship between Slater and the Andries gave rise to a duty on the part of Slater to the Andries to avoid negligent conduct in submitting their offer to Mrs. Wyant.

Foreseeability and reliance, *Friedman, supra,* p 28, are factors which support imposing on Slater a duty to the Andries under the facts of this case. The Andries, Mrs. Wyant, and Slater all were acquainted with each other. Mrs. Wyant had known Slater and Mr. Andrie for a number of years. More importantly, the trial court noted in its first opinion, with regard to recision of the purchase agreement, that Slater had worked "very closely" with the Andries. In fact, Slater prepared the final offer, which Mrs. Wyant eventually accepted, with the assistance of Mr. Andrie. Both Slater and Mr. Andrie assumed that changing the monthly payment term was appropriate in light of the increased down payment. Presumably Mr. Andrie knew that Slater was going to submit that final offer to Mrs. Wyant for her acceptance. Un-

der these facts, I believe that Mr. Andrie could foreseeably rely on Slater's avoiding negligent conduct in submitting the offer. The fact that Mr. Andrie instructed Slater to change the disputed term does not change my opinion. Moreover, it was foreseeable that Slater's conduct might cause a risk of harm to the Andries.

Nor did the nature of the relationship between Slater and Mrs. Wyant preclude imposing on Slater a duty to the Andries. No doubt Slater was Mrs. Wyant's agent. As such, it is undisputed that Slater owed Mrs. Wyant, his principal, the duties of honesty, good faith, and full and fair disclosure of the material facts and circumstances relating to the pertinent transaction. See, e.g., *Horvath v Langel,* 276 Mich 381, 385; 267 NW 865 (1936). Therefore, Slater was obliged to protect Mrs. Wyant's best interests at all times while acting as her agent. The mere fact of that agency, in itself, is not sufficient to prevent the imposition on the agent of a duty to a third person, however, where no conflicting duties would result.

Although imposing a general duty of honesty and fair dealing on the part of a broker to a prospective buyer could result in a "no win" situation for the broker at times, because the seller's and prospective buyer's positions often conflict, it would not do so in this case. In other words, imposing on Slater a duty to the Andries under the facts of this case would not pose a conflict with the duty defendants owed to Mrs. Wyant. Cf. *Friedman, supra,* pp 23-25; *McMullen v Joldersma,* 174 Mich App 207, 212; 435 NW2d 428 (1988). When the merely ministerial task of submitting an offer is involved, no conflict could possibly arise. In fact, it is in the best interests of all parties for the salesperson to fairly and fully present the material terms of the offer. Hence, although the nature of

the relationship between the broker and the seller does not preclude imposing on the broker a duty to the prospective buyer, it certainly narrows the nature and scope of that duty.

Having fully considered the facts of this case in light of the law regarding "duty," I would hold that defendants owed a duty to the Andries with respect to submitting their offer to Mrs. Wyant. It might well be, though, that the remaining elements of a negligence claim have not been satisfied in this case. I would remand this matter to the trial court for findings regarding those elements: general standard of care, specific standard of care, cause in fact, legal or proximate cause, and damage. *Hetterle v Chido,* 155 Mich App 582, 587; 400 NW2d 324 (1986).