*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN MAMAT,

        Plaintiff-Appellant,

v

ROBINSON REALTY AND MANAGEMENT
GROUP, INC., and GAYE BUTLER,

        Defendants-Appellees,

and

SRH HOMES and STERLING HOWARD,

        Defendants.

UNPUBLISHED
May 14, 2026
1:41 PM

No. 374590
Wayne Circuit Court
LC No. 24-002658-CH

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendants, Robinson Realty and Management Group, Inc. (Robinson Realty) and Gaye Butler, summary disposition under MCR 2.116(C)(7) (claim barred by release) and MCR 2.116(C)(8) (failure to state a claim) and denying plaintiff's motion to amend his complaint under MCR 2.116(I)(5).[1]  We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from alleged misrepresentations made during negotiations for plaintiff's purchase of a house in 2023.  The seller was defendant SRH Homes, which was owned and represented by defendant Sterling Howard.  Robinson Realty was the listing broker, and Butler

---

[1] The parties stipulated to dismiss plaintiff's claims against defendants SRH Homes and Sterling Howard without prejudice.  Because SRH Homes and Howard are not parties to this appeal, the term "defendants" as used in this opinion refers only to defendants Robinson Realty and Butler.

was the listing agent. Because the house was located in the Boston-Edison Historic District in Detroit, it was subject to "historic review" by Detroit's Historic District Commission (HDC). In other words, approval from the HDC was required before the homeowner could perform certain work on the house, such as work that would "remove historic materials and replace it with something that's not historic."

In May 2019—before Howard purchased the house in 2021—the house's wood windows were replaced with vinyl windows. And in May 2022, Howard replaced the front porch columns and the front door, and he removed the landscaping in the front yard. In August 2022 and August 2023, the HDC sent Butler letters about the house,[2] indicating that these modifications were made without its approval. The letters indicated that the HDC violation "runs with the property and will become the responsibility of the new owner(s)."

On October 30, 2023, the parties executed a written Purchase Agreement, in which plaintiff agreed to buy the house from Howard for $440,000. Plaintiff agreed to accept the property in "as is condition" and agreed to a release of liability, which stated, in pertinent part, as follows:

> Broker(s) and Broker(s)' agents specifically disclaim responsibility for the condition of Property and/or for performance of Agreement by the parties. Parties acknowledge that they are not relying on any representation or warranties that may have been made other than those in writing, and the parties waive and release and relinquish any and all claims or causes of action against the Broker(s), their officers, directors, employees and/or their agents for the condition of the Property or the performance of this Agreement by the parties. Broker(s) and its agents are not experts in the areas of law, tax, financing, surveying, structural conditions, hazardous conditions, or engineering, and Buyer acknowledges that Buyer has been advised to seek professional advice from experts in these areas.

The Purchase Agreement also included the following merger clause: "This Agreement supersedes any and all understandings and agreements and constitutes the entire agreement between the parties and no oral representations or statements shall be considered a part hereof."

Plaintiff acknowledged that he received a Seller's Disclosure Statement in connection with the Purchase Agreement. The Disclosure Statement, which Howard signed in April 2022, indicated that it was "not a warranty of any kind by the Seller or by any Agent representing the Seller in this transaction. . . ." Howard asserted that there were no "[s]tructural modifications, alterations, or repairs made without necessary permits . . . ."

In February 2024, plaintiff sued defendants, claiming that he learned about the unauthorized renovations for the first time after closing. The complaint included three claims: (1) "Fraud in the inducement/fraudulent misrepresentation/silent fraud against defendants Howard

---

[2] In August 2023, the HDC also sent a similar letter to Howard, informing him that certain modifications were made without its approval and urging him to submit an attached "Project Review Request form" for the modifications by September 20, 2023 to avoid "additional enforcement activity."

and SRH Homes," (2) "Breach of contract against defendant SRH Homes," and (3) "Fraudulent misrepresentation/silent fraud against defendants Robinson Realty & Management Group, Inc., and Gaye Butler." According to plaintiff, defendants "represented that the statements in the Seller's Disclosure Statement regarding permits remained accurate" when they presented the statement to him in October 2023. He claimed that they had a duty to correct the false information in the Disclosure Statement but "intentionally and knowingly withheld the fact that the seller did not obtain the necessary permits." Plaintiff argued that he relied on those misrepresentations when he signed the Purchase Agreement.

Defendants moved for summary disposition under MCR 2.116(C)(7) (claim barred by release) and MCR 2.116(C)(8) (failure to state a claim), arguing that plaintiff had not pleaded any material misrepresentation and that they had no legal duty to disclose previous violations of the HDC's requirements. Alternatively, they argued that the Purchase Agreement barred plaintiff's claims because it unambiguously released defendants from liability for the condition of the property. Plaintiff moved to amend the claims against defendants to allege that Butler's online listing for the sale of the house was fraudulent because it advertised that the home had new windows but did not disclose the HDC violation,[3] "even though Butler knew that the vinyl windows would not be accepted by the [HDC] and would have to be replaced at a substantial cost to Plaintiff."

The trial court granted the motion for summary disposition and dismissed the claims against defendants on the basis that it was the seller, not Robinson Realty or Butler, who had made the representations in the Seller's Disclosure Statement, so Robinson Realty and Butler could not be liable for fraud based on statements in that document. The trial court also ruled that "[p]laintiff executed a valid and enforceable release when he signed the purchase agreement." It granted the motion under both MCR 2.116(C)(7) and (C)(8). Finally, the trial court denied plaintiff's request to amend the complaint to address the alleged misrepresentation about the new windows in the online listing because the amendment would be futile. This appeal followed.

## II. SUMMARY DISPOSITION UNDER MCR 2.116(C)(8)

Plaintiff asserts that the trial court erred by granting defendant's motion for summary disposition under MCR 2.116(C)(8) because he adequately pleaded fraud claims based on defendants' misrepresentation regarding the HDC violations. We disagree.

### A. STANDARD OF REVIEW

"A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the basis of the pleadings alone and the ruling is reviewed de novo." *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only when the claims alleged are so clearly unenforceable as a matter of law that

---

[3] Butler's listing on Zillow included the following statement in the property's description: "The New windows enhance energy efficiency & allows [sic] for an enormous amount of light thru-out the home."

no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (quotation marks and citation omitted). "[W]e disregard the labels given to the claims and instead read the complaint as a whole, seeking the gravamen of the claims." *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 519; 918 NW2d 645 (2018).

## B. FRAUDULENT MISREPRESENTATION

To establish a claim of fraudulent misrepresentation, a plaintiff must prove the following elements:

> (1) the defendant made a material representation, (2) the representation was false, (3) the defendant knew that it was false when it was made, or made it recklessly, without any knowledge of its truth and as a positive assertion, (4) the defendant made the representation with the intention that the plaintiff would act on it, (5) the plaintiff acted in reliance on it, and (6) the plaintiff suffered injury because of that reliance. [*Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 38-39; 761 NW2d 151 (2008).]

In this case, plaintiff never alleged that defendants made any affirmative misrepresentations. Howard allegedly represented in the Seller's Disclosure Statement that he had not performed any modifications or repairs without the necessary permits.[4] Plaintiff alleged that defendants represented that Howard's statement was accurate when they provided the Disclosure Statement to plaintiff. According to plaintiff, defendants knew that the statement regarding permits was false and that plaintiff would be responsible for the HDC violations.

We hold that the seller's alleged affirmative misrepresentation cannot be imputed to defendants in this situation. "Real estate brokers and salesmen are the agents of the seller, their principal." *Andrie v Chrystal-Anderson & Assoc Realtors, Inc*, 187 Mich App 333, 335; 466 NW2d 393 (1991). The Disclosure Statement, which was attached as an exhibit to the complaint, specifically stated, "The following are representations made solely by the Seller and are not the representations of the Seller's Agent(s), if any." Furthermore, defendants did not prepare or sign the Disclosure Statement. As the seller's agent, they were required to relay the Disclosure Statement to plaintiff when they received it from Howard and SRH Homes, see MCL 565.954(1), but they did not adopt those statements as their own just by providing a copy to plaintiff. Therefore, plaintiff's claim of fraudulent misrepresentation fails as a matter of law.

## C. SILENT FRAUD

Similarly, plaintiff's claim for silent fraud fails as a matter of law. "Silent fraud is essentially the same [as fraudulent misrepresentation] except that it is based on a defendant suppressing a material fact that he or she was legally obligated to disclose, rather than making an affirmative misrepresentation." *Alfieri v Bertorelli*, 295 Mich App 189, 193; 813 NW2d 772

---

[4] We do not express any opinion whether Howard's statement was a misrepresentation because he was dismissed from this matter and is not a party to this appeal.

(2012). Showing that the defendant "was aware of and failed to disclose a hidden defect" is insufficient to establish a silent-fraud claim. *Roberts v Saffell*, 280 Mich App 397, 404; 760 NW2d 715 (2008). Rather, "the plaintiff must prove that the defendant knew of a material fact but concealed or suppressed the truth through false or misleading statements or actions and with the intent to deceive." *Id*. at 405.

Generally, a seller's agent owes no duty of disclosure to the buyer. *Alfieri*, 295 Mich App at 194.[5] See also *Andrie*, 187 Mich App at 337 ("[A]ny relationship between the seller's agent and the potential buyer is a commercially antagonistic one, with each side working for his best advantage and not for the benefit of the other."). However, a seller's agent may have a duty to disclose "newly acquired information that is recognized by the agent as rendering a prior affirmative statement untrue or misleading." *Alfieri*, 295 Mich App at 194. This may especially arise "when the agent knows that the buyer has a particular concern with the subject matter of that statement." *Id*. If the buyer directly inquires about the subject matter of the statement, then that inquiry alone may create a duty to disclose. *Id*.

Plaintiff alleges that defendants "intentionally and knowingly withheld" information about the HDC violations. But plaintiff did not adequately plead that defendants had a legal duty to disclose those violations in the first place. The complaint alleged that defendants knew that Howard's representation that he obtained all necessary permits for his renovations was false because they had received the letter from HDC about the violations. But the complaint did not sufficiently allege any newly acquired information that made an earlier affirmative statement false or misleading. See *Alfieri*, 295 Mich App at 194. And the complaint assumes without explanation that failing to obtain HDC approval necessarily means that the renovations were completed without the necessary permits, but it does not name any particular permit that was missing, nor does it allege any basis for assuming that HDC approval itself was a "permit" as that term was used in the Disclosure Statement. Therefore, even if the fact that the renovations violated the HDC's requirements was a form of newly acquired information, plaintiff had not sufficiently explained how that information affected the accuracy of the statement that that there were no "[s]tructural modifications, alterations, or repairs made without necessary permits . . . ."

Furthermore, plaintiff never alleged that he expressed a particular concern with the earlier owners' compliance with HDC requirements, nor did he allege that defendants had a reason to know that plaintiff was particularly concerned with HDC compliance. See *M&D, Inc v WB McConkey*, 231 Mich App 22, 33; 585 NW2d 33 (1998) (holding that summary disposition on a claim of silent fraud was appropriate because the plaintiff did not show that the defendant had any

---

[5] Plaintiff argues that such a duty was established by Mich Admin Code, R 339.22333(1) (which was effective at the time that the trial court granted defendants' motion for summary disposition but was relocated to Mich Admin Code, R 339.22139 effective June 4, 2025). That rule stated, "A [real estate] licensee shall not, directly or indirectly, misrepresent material facts." But that administrative rule was in effect at the time that *Alfieri* was decided, and *Alfieri* still acknowledged that a seller's agents do not have "a duty per se of disclosure to buyers." *Alfieri*, 295 Mich App at 194. We remain bound by that precedent. MCR 7.215(C)(2).

duty to disclose a flooding issue, in part because the plaintiff never inquired about the flooding). Accordingly, the claim for silent fraud expressed in plaintiff's complaint fails as a matter of law.

The complaint did not allege facts sufficient to state a claim of either fraudulent misrepresentation or silent fraud, so we hold that the trial court did not err by granting defendants' motion for summary disposition under MCR 2.116(C)(8). Because we affirm on that basis, we do not reach the issue whether summary disposition was also appropriate under MCR 2.116(C)(7).

## III. MOTION TO AMEND COMPLAINT

Plaintiff also argues that the trial court erroneously denied his motion to amend his complaint because the amendment would not have been futile. We disagree.

### A. STANDARD OF REVIEW

We review a trial court's decision on a motion to amend a pleading for an abuse of discretion. *Forton v St Clair Co Pub Guardian*, 339 Mich App 73, 82; 981 NW2d 103 (2021). "A trial court abuses its discretion when it chooses an outcome falling outside the range of reasonable and principled outcomes, or when it makes an error of law." *Id*. (quotation marks and citation omitted). We review de novo questions of law, including the interpretation of court rules. *Sanders v McLaren-Macomb*, 323 Mich App 254, 265; 916 NW2d 305 (2018).

### B. ANALYSIS

The trial court did not err by denying plaintiff's motion to amend his complaint because amending his complaint to add a new fraud allegation was futile.

When a party files a motion for summary disposition for failure to state a claim under MCR 2.116(C)(8), the trial court must give the adverse party "an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). "Leave [to amend] shall be freely given when justice so requires." MCR 2.118(A)(2). A party's "motion to amend should ordinarily be denied only for particularized reasons, including . . . futility." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 208; 920 NW2d 148 (2018) (quotation marks and citation omitted). "The trial court must specify its reasons for denying leave to amend, and the failure to do so requires reversal unless the amendment would be futile." *Id*. (quotation marks and citation omitted). An amended pleading is futile "if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (citations omitted).

The trial court did not err by ruling that plaintiff's proposed amendment was futile because his new allegation was legally insufficient on its face. Plaintiff moved to amend his fraudulent misrepresentation and silent fraud claims to base the claims on Butler's online listing of the house. The listing stated that the house had new windows. According to plaintiff, this statement was an affirmative misrepresentation because defendants knew that "the [HDC] would not approve vinyl windows as replacements for the original windows and that Plaintiff would have to replace the new windows." We disagree.

The amended complaint could not support an independent claim for fraudulent misrepresentation because Butler's statement was not false. Butler stated the house had new windows, and a previous owner had replaced the old wood windows with vinyl windows. It also cannot support an independent claim for silent fraud because the amended complaint alleges that Butler knew about the HDC violation before she posted the listing. Accepting that allegation as true, defendants still would not have a duty to disclose because plaintiff failed to identify any "*newly* acquired information . . . rendering a *prior* affirmative statement untrue or misleading." *Alfieri*, 295 Mich App at 194 (emphasis added). Furthermore, incorporating into the complaint the statement from the listing that the house had new windows did nothing to cure the defects in plaintiff's original claim for silent fraud or fraudulent misrepresentation that justified summary disposition under MCR 2.116(C)(8). Accordingly, the trial court did not err by denying plaintiff's motion to amend his complaint, because his amended fraud claims were legally insufficient on their face.

## IV. CONCLUSION

In both his original and proposed amended complaint, plaintiff failed to allege facts sufficient to state a claim of either fraudulent misrepresentation or silent fraud. Therefore, the trial court did not err by granting summary disposition for defendants under MCR 2.116(C)(8), and it did not abuse its discretion by denying leave to amend the complaint.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle