*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COTEL, LLC, and COBERG
TELECOMMUNICATIONS, LLC,

Plaintiffs-Appellants,

v

COMCAST OF
MICHIGAN/MISSISSIPPI/TENNESSEE, INC,

Defendant-Appellee.

UNPUBLISHED
September 5, 2019

No. 342565
Oakland Circuit Court
LC No. 2016-154500-CB

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs have nonexclusive easements to construct and maintain telecommunication facilities at several multi-unit residential properties. They granted similar easement rights to defendant for a period of 10 years so that defendant could provide broadband services to the properties. The parties' agreements expired, and plaintiffs now claim that defendant is wrongfully using their "telecom facilities." The trial court granted defendant summary disposition, concluding that plaintiffs lacked standing to bring their claims. Plaintiffs appeal this ruling. While we agree with plaintiffs that they have standing, we nonetheless conclude that the trial court correctly granted summary disposition because plaintiffs have failed to establish a material question of fact that defendant is using their telecommunication facilities.

## I. BACKGROUND

Through entities he controlled, Walter Cohen either owned or developed the eleven multi-unit residential properties at issue in this case. Cohen was the managing member of plaintiff Cotel, LLC and plaintiff Coberg Telecommunications, LLC. For each property, either Cotel or Coberg obtained "a perpetual, non-exclusive easement" for the purposes of constructing, installing, operating, maintaining, repairing, replacing, or removing the property's "telecommunication facilities."

Plaintiffs, in turn, then granted similar easement rights to defendant so that it could provide broadband services to the properties. The documents comprising the parties' contract for

each property are substantially similar.[1] The service agreement informs that defendant installed the "facilities" necessary to deliver the broadband services, i.e., the "System." Plaintiffs granted defendant an easement to maintain, operate, and repair the System. The parties agreed that defendant would retain ownership over "all parts of the System," but that "the Owner" would assume ownership over any part of the System not removed within six months after the agreement terminated. All of the agreements were for a period of 10 years.

According to defendant, it contracted with plaintiffs under Cohen's direction and under the belief that Cohen owned or was in control of the properties. When the parties' agreements expired, Cohen no longer had an ownership interest in any of the properties. Defendant claims to have entered into "new service agreements" with the owners for seven of the properties. Defendant continues to provide services to residents at the other four properties without a new agreement in place; these properties purportedly lack a housing association to contract with.

Plaintiffs brought suit alleging breach of contract, trespass, and conversion with respect to each property. They also claimed unjust enrichment and quantum meruit. Plaintiffs claim that defendant is using their telecom facilities at the properties and that such use is wrongful until the parties reach new agreements.

After discovery was completed, defendant moved for summary disposition under MCR 2.116(C)(10). Defendant's primary argument was that plaintiffs lacked standing to assert their claims. Defendant noted that plaintiffs never owned the subject properties, and that their nonexclusive easements were their only interests in the properties. Defendant maintained that those easements did not "give plaintiffs the right to control who accesses these developments using their own equipment or to complain that [defendant] is still providing services to any of them." Defendant also argued that plaintiffs failed to identify what telecommunication facilities they owned that defendant was allegedly using.

In response, plaintiffs maintained that any additions, repairs, or replacements made by defendant to the telecommunication facilities remained subject to the easements plaintiffs granted defendant. Plaintiffs also asserted that, under the service agreements, they obtained ownership over any part of the system that defendant failed to remove after the contracts expired. Plaintiffs requested summary disposition under MCR 2.116(C)(10) and (I)(2) (nonmoving party entitled to summary disposition).

The trial court heard oral argument and later issued an opinion and order granting defendant summary disposition. The court concluded that plaintiffs lacked standing because of the following factors: (1) plaintiffs never owned the subject properties; (2) plaintiffs were unable to identify any telecom facilities that defendant was using, and (3) plaintiffs' easements were nonexclusive. The court declined to address the merits of plaintiffs' claims.

---

[1] Plaintiffs have not produced agreements for two of the properties. But this has no bearing on our decision.

## II. ANALYSIS

We agree with plaintiffs that the trial court erred in ruling that they lacked standing.[2] But we conclude that summary disposition was nonetheless warranted. Plaintiffs' nonexclusive easements do not grant them the right to control who provides broadband services to the properties. And they have failed to establish a material question of fact regarding their claim that defendant is using their telecommunication facilities.

## A. STANDING

"To have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *Dep't of Treasury, Revenue Div v Comerica Bank*, 201 Mich App 318, 329-330; 506 NW2d 283 (1993). "The purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (quotation marks and citation omitted). "When a party's standing is contested, the issue becomes whether the proper party is seeking adjudication, not whether the issue is justiciable." *Tennine Corp v Boardwalk Commercial, LLC*, 315 Mich App 1, 7; 888 NW2d 267 (2016). "Standing is not contingent on the merits of the case." *Id*.

As the trial court found, each of plaintiffs' claims turn on the assertion that defendant is currently using telecom facilities allegedly owned by Cotel or Coberg. Essentially, plaintiffs' alleged ownership of those facilities stems from the easements they obtained from the property owners. Plaintiffs apportioned their easement rights to defendant. They now claim that any facilities defendant installed on the properties remain subject to the easements plaintiffs granted defendant. So their complaint is properly construed as an action to enforce an easement. Plaintiffs are, of course, the proper parties to litigate the scope of their easements. It is irrelevant that they do not own the properties. Plaintiffs have a legally protected interest in this case because an easement is an independent interest in land. See *Lakeside Oakland Development, LC v H&J Beef Co*, 249 Mich App 517, 525; 644 NW2d 765 (2002).

However, we may affirm the trial court when it reaches the right result for the wrong reason. *Lewis v Farmers Ins Exch*, 315 Mich App 202, 216; 888 NW2d 916 (2016). Both parties moved for summary disposition on the merits, and we may address issues raised before but not decided by the trial court. See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). See also *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) (a party may present a preserved "alternative ground for affirmance."). Accordingly, we will decide the two substantive issues in this case: (1) the scope of plaintiffs' nonexclusive easements, and (2) whether there is a genuine issue of material fact concerning defendant's alleged use of plaintiffs' telecommunications facilities.

---

[2] Whether a party has standing is a question of law that we review de novo. See *Manuel v Gill*, 481 Mich 637, 642; 753 NW2d 48 (2008).

B. SCOPE OF THE EASEMENT

"An easement is the right to use the land of another for a specified purpose." *Penrose v McCullough*, 308 Mich App 145, 148; 862 NW2d 674 (2014) (quotation marks and citation omitted). This case involves easements in gross, which are easements "benefiting a particular person and not a particular piece of land." *Michigan Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 379 n 41; 699 NW2d 272 (2005) (quotation marks and citation omitted). "An easement does not displace the general possession of the land by its owner, but merely grants the holder of the easement qualified possession only to the extent necessary for enjoyment of the rights conferred by the easement." *Schadewald v Brule*, 225 Mich App 26, 35; 570 NW2d 788 (1997).

The key to interpreting the scope of plaintiffs' easements is the well-established distinction between exclusive and nonexclusive easements.[3] An exclusive easement in gross "means that the easement holder has the sole right to engage in the type of use authorized by the servitude. In other words, the grantor does not retain common rights with the easement holder to engage in the same activity for which the easement is granted." *Heydon v MediaOne*, 275 Mich App 267, 272; 739 NW2d 373 (2007) (quotation marks and citations omitted). In contrast,

> A nonexclusive easement in gross is one which does not give, as against the owner of the servient tenement and others who may be privileged under him, the sole privilege of making the use authorized by the easement. In the case of such an easement the owner and possessor of the servient tenement has not only the privilege himself to make the use authorized by the easement, but he retains the power to create like privileges in others. [Restatement Property, 1st, § 493, p 3055.]

More concisely, "[a] nonexclusive easement is established if the servient owner retains the privilege of sharing the benefit conferred by the easement." 28A CJS, Easements § 222, p 620.

Plaintiffs were granted nonexclusive easements for the purposes of constructing, installing, operating, maintaining, repairing, replacing or removing telecommunication facilities at the properties. By the express terms of the easements, plaintiffs did not obtain the exclusive right to engage in those activities. The implication is that the property owners retained the privilege to grant others easements to construct and maintain telecommunication facilities. Accordingly, plaintiffs' nonexclusive easements do not preclude defendant, or any other service provider, from providing broadband services to the properties.

---

[3] The scope of an easement is generally a question of fact. *Wiggins v City of Burton*, 291 Mich App 532, 551; 805 NW2d 517 (2011). But in this case the scope of the easements turns on the meaning of the word "non-exclusive." "The language of an express easement is interpreted according to rules similar to those used for the interpretation of contracts." *Id*. And we decide matters of contract interpretation de novo as a question of law. *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 453; 733 NW2d 766 (2006).

## C. ALLEGED USE OF PLAINTIFFS' TELECOMMUNICATION FACILITIES

Plaintiffs argue that there are questions of fact regarding defendant's use of their telecommunication facilities that preclude summary disposition. Although the trial court said that it was not reaching the merits of the dispute, it nonetheless found that "Defendant presents ample evidence showing that during discovery Plaintiffs were unable to identify any telecom facilities that are currently being used by Defendant." We agree with that assessment and therefore conclude that defendant is entitled to summary disposition under MCR 2.116(C)(10).[4]

Plaintiffs have not identified any telecommunications facilities that they installed at the properties. Cohen may have installed some communications infrastructure as a developer, but he could not identify at deposition any construction that would have been performed by plaintiffs. Plaintiffs' primary purpose is to hold the easement rights. In obtaining easements for plaintiffs, it appears that Cohen was attempting to retain control over the communications rights to the properties. For the reasons discussed above, the nonexclusive easements did not accomplish that goal.

Given the lack of proofs showing that they installed any facilities, plaintiffs are necessarily claiming ownership over the telecommunication facilities that defendant installed pursuant to the parties' agreements. Plaintiffs cite no caselaw in support of their position, so any claim of ownership in this case must necessarily derive from the parties' contracts. The service agreement provides that defendant installed the telecommunications facilities at the properties and retained ownership thereafter. Plaintiffs rely on the provision in the service agreement stating that "the Owner" would obtain ownership over any party of the "System" not removed within six months after termination of the agreement:

> 13. <u>Removal of System</u>. Upon termination of this Agreement for any reason, the Company shall have a period of six (6) months in which it shall be entitled but not required to remove the System, including the cable home wiring and cable home run wiring. The Company shall promptly repair any damage to the Premises occasioned by such removal. Any portion of the System not removed at the expiration of the six (6) month period shall be deemed abandoned and ownership shall vest in the Owner with no further liability to Company.

---

[4] Summary disposition under MCR 2.116(C)(10) tests the evidentiary support for a claim, and should be granted if no genuine issue of material fact exists. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). In determining whether a genuine issue of material fact exists, we view the documentary evidence in a light most favorable to the nonmoving party. See *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 538-539; 620 NW2d 836 (2001). "[T]he nonmoving party may not rely on mere allegations or denials in [the] pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

As defined by the service agreement, however, "Owner" refers to the property owner, e.g., a housing association. Accordingly, the property owners—not plaintiffs—would have resumed ownership over any part of the system "abandoned" by defendant.

In sum, plaintiffs have not provided any evidence that they installed telecommunication facilities on the properties. Nor have they identified any legal authority or contractual provision that grants them ownership over facilities installed by defendant. For those reasons, we affirm the trial court on the ground that plaintiffs have failed to establish a genuine issue of material fact that defendant is using their telecommunication facilities.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher