*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDMUND JOSEPH HEBERT,

Plaintiff-Appellant,

UNPUBLISHED
December 23, 2025
9:36 AM

v

No. 372281
Emmet Circuit Court
LC No. 24-108358-CZ

LOGAN HUNTER HEBERT,

Defendant-Appellee.

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

Plaintiff sued his daughter, defendant, regarding a piece of real property. Eugene Hebert, plaintiff's father and defendant's grandfather, passed away. Prior to his death, Eugene executed a type of quit claim deed, also known as a Lady Bird deed, which granted him a life estate and then passed the property to defendant upon his death unless otherwise conveyed. Plaintiff sued defendant for breach of contract, promissory estoppel, unjust enrichment, and conversion, claiming that Eugene and defendant orally promised that plaintiff would receive the property after Eugene died. Defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(8), arguing that plaintiff's claims were barred by the statute of frauds. The trial court granted defendant's motion for summary disposition and denied plaintiff's motion for reconsideration. Finding no reversible error on appeal, we affirm.

## I. BACKGROUND

Plaintiff filed his complaint against defendant concerning the property and alleged that the property that Eugene owned was supposed to be plaintiff's inheritance. Allegedly, Eugene met with his children and advised them how he intended to devise his estate; Eugene told plaintiff that the property was going to be his inheritance; and plaintiff "held personal beliefs that made him not want to take the inheritance while his father was still alive." Because of this belief, plaintiff purportedly asked Eugene to place the property in defendant's name to hold for plaintiff until Eugene passed.

Prior to his death, Eugene executed a deed which quit claimed to himself the property for his lifetime and conveyed the property to defendant upon his death, if Eugene did not convey the

property prior; this is commonly referred to as a "Lady Bird deed." After Eugene passed and without any other prior conveyance, defendant received the property, and plaintiff asked defendant to deed the property to him. Because defendant refused to deed the property to plaintiff, plaintiff then sued, claiming breach of contract, promissory estoppel, and unjust enrichment based on alleged promises Eugene and defendant orally made to plaintiff. Plaintiff later amended his complaint and added two more counts: count IV for conversion and count V for promissory estoppel against Eugene.

Defendant answered plaintiff's complaint claiming an affirmative defense of statute of frauds; she then moved for summary disposition in accordance with MCR 2.116(C)(7), and in the alternative under MCR 2.116(C)(8), because plaintiff's claims were barred by the statute of frauds and plaintiff failed to state a claim upon which relief can be granted.

After a hearing on defendant's motion for summary disposition, the trial court granted defendant's motion under MCR 2.116(C)(7) for all five counts and under MCR 2.116(C)(8) for counts IV and V. The trial court found that the statute of frauds defeated count I for breach of contract. For count II (promissory estoppel) and count III (unjust enrichment), the trial court found that plaintiff's claims failed "for lack of any sufficiently pled reliance interest":

> So the plaintiff's theory of the case really is nonsensical, and the plaintiff would have had no legal authority to direct Eugene how to convey the property. So the reliance is, the only alleged reliance, is that based on this promise that [defendant] would give the property to [plaintiff], that therefore, [plaintiff] allowed Eugene to deed the property to [defendant]. Well, number one, he didn't deed the property to [defendant]. He deeded the property to himself and only conveyed to [defendant] upon his death. But number two, there's no even allegation that [plaintiff] had any say in directing how Eugene would dispose of his own property. [M Tr, 20].

The trial court also found that applying promissory estoppel under these circumstances would not "just be an exception to the statute of frauds. It would be a full frontal attack on a written deed." "That to allow that exception would be to really undermine the Lady Bird deed mechanism seriously" and allowing an oral promise to defeat a written deed would be "an unprecedented and extraordinary exception to the statute of frauds and defeat the entire purpose of it, which is to have some stability in the conveyance of real estate."

Plaintiff then moved for reconsideration, attaching affidavits that were not presented in his response to defendant's motion for summary disposition. The trial court denied plaintiff's motion for reconsideration because plaintiff raised the same issues that were already argued, the deed undermined plaintiff's theory based on an alleged oral promise, and plaintiff's theory would undermine the stability of estate planning and real estate law. Plaintiff then appealed.

II. ANALYSIS

A. SUMMARY DISPOSITION

Plaintiff argues on appeal that the trial court erred by granting summary disposition because his claim of promissory estoppel defeats defendant's defense of statute of frauds. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(7) on all five counts of

plaintiff's first-amended complaint. The Court reviews de novo this decision of summary disposition. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008).

MCR 2.116(C)(7) provides that a party can move for summary disposition if the claims are barred by the statute of frauds. "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

Plaintiff argues that there was an agreement between plaintiff, defendant, and Eugene involving the property such that defendant is in breach of contract by not deeding the property to plaintiff (count I). Defendant argues that such contract would be barred by the statute of frauds because it involves an interest in land. Plaintiff counters and argues that promissory estoppel and unjust enrichment defeat the statute of frauds (counts II and III).

> Under Michigan's statute of frauds, no interest in land can be granted without a writing: No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing. [MCL 566.106.]

"The statute of frauds does not require that the entire agreement be in writing, but only requires that a note or memorandum of the agreement is in writing and signed." *Kelly-Stehney & Assoc, Inc v MacDonald's Indus Products, Inc*, 265 Mich App 105, 111; 693 NW2d 394 (2005) (cleaned up). Here, there is a writing, a Lady Bird deed, that granted Eugene the property interest for his lifetime and then conveyed the property to defendant if Eugene did not convey the property prior to his death. There are no other writings that show Eugene conveyed the property prior to his death and no writings that memorialized any portion of the alleged agreement between the three parties. Therefore, on its face, the alleged agreement between plaintiff, defendant, and Eugene would be barred by the statute of frauds.

Plaintiff argues that even if the agreement falls under the statute of frauds, his claims survive because of promissory estoppel. "The doctrine of equitable estoppel has been applied to defeat the defense of the statute of frauds where a party has acted to his detriment in reliance on oral agreements or where application of the doctrine of equitable estoppel is necessitated by the facts." *Lakeside Oakland Dev, LC v H & J Beef Co*, 249 Mich App 517, 526-527; 644 NW2d 765 (2002). The elements for promissory estoppel are the following:

(1) a promise

(2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee and

(3) that, in fact, produced reliance or forbearance of that nature

(4) in circumstances requiring enforcement of the promise if injustice is to be avoided. [*Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 41; 761 NW2d 151 (2008) (cleaned up).]

"The promise must be definite and clear, and the reliance on it must be reasonable." *Id.* After evaluating "the words and actions surrounding the transaction in question as well as the nature of the relationship between the parties and the circumstances surrounding their actions," courts are to exercise caution and "apply the doctrine [of promissory estoppel] only where the facts are unquestionable and the wrong to be prevented undoubted." *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 687; 599 NW2d 546 (1999).

Here, the trial court did not err when using caution and finding that promissory estoppel was not applicable. The trial court expressed apprehension to applying promissory estoppel to this situation where applying the doctrine would contradict an already established written deed. In his brief on appeal, plaintiff cited in support to *Opdyke Investment Co v Norris Grain Co,* 413 Mich 354; 320 NW2d 836 (1982), and *North American Brokers, LLC v Howell Pub Sch*, 502 Mich 882; 913 NW2d 638 (2018). The broad, overarching concepts from these cases may be relevant to the dispute here, but neither case specifically directs the trial court to apply promissory estoppel to a situation like this.

Although our Supreme Court in *Opdyke* declined "to adopt narrow and rigid rules for compliance with the statute of frauds," the departure from the statute of frauds in that case was "used to supplement, but not contradict, the terms of the written agreement." *Opdyke*, 413 Mich at 367. For promissory estoppel specifically, *Opdyke* concluded that "accelerated judgment was inappropriate" where "disputed questions of fact exist as to whether a noncontractual promise was made by the defendants and reasonably relied upon by the plaintiff." *Id.* at 369-370. In the present case, application of the statute of frauds, such that promissory estoppel would defeat it, would not be merely supplemental to the written agreement, but would plainly conflict with the Lady Bird deed.

The other authority plaintiff cites is JUSTICE MCCORMACK'S concurrence from the Supreme Court's order in *North American Brokers*. The concurrence is not binding on this Court. *Fogarty v Dept of Transp*, 200 Mich App 572, 574-575; 504 NW2d 710 (1993). Further, that concurrence included the following reasoning:

> The plaintiffs claim that the defendant promised them they would be paid a broker's commission for their role in matching the defendant with a buyer. They submitted a photo of the defendant's sign that read "Brokers Protected" and alleged that this text is understood in their industry as a promise to pay a brokerage fee. The defendant made no counter allegations and submitted nothing to rebut the plaintiffs' claims. Perhaps if the defendant had submitted evidence in support of summary disposition, the trial could have properly concluded that there was no "clear and definite" promise, and thus, promissory estoppel was inapposite. But because it did not, the trial court was obligated to follow *Opdyke*. [*North American Brokers*, 502 Mich at 644 (MCCORMACK, J., concurring).]

Unlike in *North American Brokers*, here defendant submitted evidence such that the trial court properly concluded that promissory estoppel was inapposite—i.e., the Lady Bird deed. "This

Court has held that no action for promissory estoppel may lie when an oral promise expressly contradicts the language of a binding contract." *Zaremba Equipment*, 280 Mich App at 41 citing *Novak*, 235 Mich App at 687. A similar result should follow when an oral promise expressly contradicts a binding written instrument involving real property.

Even assuming arguendo that defendant made the promise to plaintiff that she would hold onto the property for him, plaintiff has not pleaded reasonable reliance. The circumstances surrounding the alleged promise "would preclude an objective finding of a clear and definite promise . . . , and reasonable reliance on same," because the Lady Bird deed directly contradicts plaintiff's theory. See *Amir v AmGuard Ins Co*, 606 F Supp 3d 653, 668 (ED Mich, 2022) citing *Zaremba*, 280 Mich App at 41 and *Novak*, 235 Mich App at 687. Specifically, plaintiff alleges that his "reliance" on defendant's promise was his direction to Eugene to deed the property to defendant. But, plaintiff had no authority in the first place to direct Eugene on how to dispose of the property. Eugene could have named defendant in the Lady Bird deed based on plaintiff's direction; Eugene could have also intended that defendant would inherit his property on his demise. But, plaintiff has not pleaded how he, not Eugene, relied on defendant's promise. Based on the alleged circumstances—plaintiff did not want to accept the property while Eugene was still alive "for personal reasons" even though, through the Lady Bird deed, he would not have accepted the property until after Eugene's death—the trial court did not err when finding that promissory estoppel was not applicable. Plaintiff did not plausibly allege a promissory estoppel claim. *Amir*, 606 F Supp 3d at 668.

Finally, to apply promissory estoppel here, injustice would result. "The less clear an agreement, the less likely the plaintiff's reliance will be reasonable and foreseeable, and the less probable will be the injustice from refusing to enforce the agreement." 10 Williston Contracts (4th ed.), § 27:14. Plaintiff has never explained why he did not want the property in his name while Eugene was living. Although the lack of clarity may not rise to a level for the unclean-hands doctrine, it certainly did not help plaintiff when the trial court made its decision. See *Rose v Natl Auction Group, Inc*, 466 Mich 453, 463-464; 646 NW2d 455 (2002). And, plaintiff has never offered any reason for why any of the alleged promises were not recorded in a writing. For such a formal process as a transfer of property, the statute of frauds is necessary for clarity and to prevent fraudulent claims. *Hazime v Martin Oil of Indiana, Inc*, 792 F Supp 1067, 1069 (ED Mich, 1992). Ultimately, the trial court did not err in granting defendant's motion for summary disposition on all counts under MCR 2.116(C)(7).

In his brief on appeal, plaintiff argued that that the trial court erred by finding that the statute of frauds barred plaintiff's claims under MCR 2.116(C)(7). Plaintiff did not make a separate and distinct argument that the trial court erred by granting summary disposition under MCR 2.116(C)(8) on counts IV and V. The Court is affirming the trial court's grant of summary disposition on all counts under MCR 2.116(C)(7). Therefore, it is unnecessary to address the issue of summary disposition under MCR 2.116(C)(8) on counts IV and V.

## B. AMENDMENT TO COMPLAINT

Plaintiff also argues on appeal that the trial court erred in denying plaintiff's request to amend his first-amended complaint. "Decisions granting or denying motions to amend pleadings are within the sound discretion of the trial court, and reversal is only appropriate when the trial

court abuses that discretion." *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997) (cleaned up). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010).

MCR 2.116(I)(5) provides that if a case is dismissed under MCR 2.116(C)(8), (9), or (10), then the trial court "shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." See *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 696; 588 NW2d 715 (1998). A motion to amend a complaint should be granted when justice so requires and the amendment would not be futile. *Sanders v Perfecting Church*, 303 Mich App 1, 9; 840 NW2d 401 (2013); MCR 2.118(A)(2). An amendment is futile if it is "legally insufficient on its face." *Wolfenbarger v Wright*, 336 Mich App 1, 21; 969 NW2d 518 (2021).

Plaintiff has not shown that amendment to the complaint would be justified and not futile. In his motion for reconsideration of the trial court's summary disposition order, plaintiff did not explain what amendments would be made if he was given an opportunity to amend. In his brief on appeal, plaintiff argues that MCR 2.116(I)(5) is "mandatory, not discretionary and makes no mention of detailing the amendment to come." Although the trial court "shall" give the parties an opportunity to amend their pleadings, MCR 2.116(I)(5) only applies if (a) the grounds asserted are based on MCR 2.116(C)(8), (9), or (10), and (b) the evidence shows that amendment would be justified.

Here, not only were plaintiff's claims for counts IV and V dismissed under MCR 2.116(C)(8), they were also dismissed, and now affirmed by the Court, under MCR 2.116(C)(7), which is not applicable under MCR 2.116(I)(5). Further, based on the record, the trial court did not abuse its discretion when finding that an amendment would be futile. Although the rule might not strictly require an explanation of the amendment in all cases, such explanation here would have provided a basis for arguing that an amendment would not be futile. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003); *Sanders*, 303 Mich App at 9. Without more from plaintiff explaining how any amendment would not be futile, we conclude that the trial court did not abuse its discretion in denying plaintiff's request to amend his complaint.

## III. CONCLUSION

The trial court did not err when granting defendant summary disposition because promissory estoppel did not apply to plaintiff's claim and plaintiff did not sufficiently plead reliance. Further, any amendment to plaintiff's complaint would be futile and would not revive plaintiff's claims where summary disposition was granted on all counts under MCR 2.116(C)(7).

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi